# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2013

Lyle W. Cayce
Clerk

No. 12-50151
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

NOE GONZALEZ-REYES,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 2:10-CR-1838-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Noe Gonzalez-Reyes pleaded guilty of being found in the United States after having previously been removed and was given a within-guidelines sen-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tence of sixteen months' imprisonment and three years' supervised release ("SR"). On appeal, he challenges the procedural and substantive reasonableness of his term of SR on the grounds that the district court did not explain why it imposed a term of SR and did not account for the fact that he is a deportable alien, a factor that he contends should have received significant weight. Because Gonzalez-Reyes did not challenge the term of SR in the district court, we review for plain error only. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012).

If the defendant is an alien who is likely to be deported after serving a prison sentence, SR is not ordinarily imposed and "should not be imposed absent a determination that [SR] would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.* at 329; *see* U.S.S.G. § 5D1.1, comment. (n.5). Although the district court did not explicitly find that the particular facts of Gonzalez-Reyes's case warranted SR, the court's explanation after consideration of the 18 U.S.C. § 3553(a) factors was adequate to support SR. *See United States v. Becerril-Pena*, 714 F.3d 347, 351 (5th Cir. 2013). Even if we were to assume, *arguendo*, that this was clear error, Gonzalez-Reyes has not shown that it affected his substantial rights. *See Dominguez-Alvarado*, 695 F.3d at 328.

As for substantive reasonableness, the three-year SR term was within the advisory guidelines range, and Gonzalez-Reyes has not rebutted the presumption that his sentence was reasonable. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607-08 (5th Cir. 2013). Accordingly, he has not established that the SR term was substantively unreasonable.

The judgment of sentence is AFFIRMED.