# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2013

No. 12-50583
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JUAN VALDEZ ACOSTA, also known as Mario Rico, also known as Juan Mario Lopez, also known as John Jose Chavez,

Defendant-Appellant

Cons. w/ No. 12-50585

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JUAN VALDEZ-ACOSTA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-437-1
USDC No. 3:12-CR-1040-1

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Juan Valdez Acosta (Valdez) pleaded guilty to attempting to illegally reenter the United States following removal and falsely claiming United States citizenship. The district court sentenced him to concurrent sentences of 57 months of imprisonment and three years of supervised release and 36 months of imprisonment and one year of supervised release. In a related case, the district court revoked Valdez's term of supervised release arising from a prior illegal reentry conviction, and it sentenced him to a consecutive sentence of 24 months of imprisonment with no further term of supervised release. Valdez filed notices of appeal from both judgments, and the cases were consolidated on appeal. However, as Valdez has failed to raise any challenge to his supervised release revocation and resulting sentence, he has abandoned those issues on appeal. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

According to Valdez, the district court's imposition of terms of supervised release was procedurally and substantively unreasonable in light of the Sentencing Guidelines' recommendation that a court ordinarily should not impose a term of supervised release on a deportable alien unless supervised release would provide additional deterrence and protection based on the facts of the case. *See* U.S.S.G. § 5D1.1(c), comment. (n.5). As Valdez challenges the imposition of the terms of supervised release for the first time on appeal, we review for plain error only. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). Under the plain error standard, Valdez must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Valdez makes such a showing, we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

The district court's imposition of terms of supervised release did not constitute procedural or substantive error, plain or otherwise. The district court's discussion at sentencing of Valdez's long criminal history and admitted substance abuse problem satisfied the procedural requirement for a "particularized explanation and concern [that] would justify imposition of a term of supervised release." *Dominguez-Alvarado*, 695 F.3d at 330. Moreover, we have held that implicit consideration of § 5D1.1(c) is sufficient. *United States v. Becerril-Pena*, 714 F.3d 347, 350 (5th Cir. 2013). "The amendments, after all, did not alter our highly deferential review of within-Guidelines sentences," which requires the application of "a baseline infer[ence] that the [district] judge has considered all the factors for a fair sentence set forth in the Guidelines." *Becerril-Pena*, 714 F.3d at 350 (internal quotation marks and citations omitted). Valdez's assertion that the district court committed substantive error by failing to account for § 5D1.1(c) and the statutory sentencing factors of rehabilitation and monitoring is insufficient to rebut the presumption of reasonableness applicable to Valdez's within-guidelines terms of supervised release. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607-08 (5th Cir. 2013).

AFFIRMED.