# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2013

No. 12-41400
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISIDRO MATAMOROS-BAQUEDANO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-443-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Isidro Matamoros-Baquedano (Matamoros) appeals the sentence imposed following his guilty plea conviction for illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b)(1). He argues, for the first time on appeal, that the district court imposed a procedurally and substantively unreasonable sentence by ordering, without explanation , that he serve a three-year term of supervised release, and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

notwithstanding the recommendation in U.S.S.G. § 5D1.1(c) that supervised release should not ordinarily be imposed on a deportable alien.   He also contends that the imposition of a term of supervised release constituted a departure from the Guidelines for which he was entitled to notice, although he concedes that this issue is foreclosed by *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012), and raises it only to preserve it for further review.

As Matamoros did not raise his objections in the district court, we review his claims for plain error.   *See id. at* 327-28 (reviewing procedural reasonableness); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (reviewing substantive reasonableness).

Although the district court did not explain why it was imposing a term of supervised release, it expressly adopted, without objection, the findings and calculations in the Presentence Report (PSR), which specifically referenced the Guidelines applicable to supervised release, including § 5D1.1(c).   There is no indication that if the district court had been required to articulate its reasons, it would have concluded that a term of supervised release was not warranted. *See United States v. Becerril-Peña*, 714 F.3d 347, 349-51 (5th Cir. 2013); *see also United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008).   Matamoros cannot show that any error that he asserts, if left uncorrected, would seriously affect the fairness, integrity, or public reputation of judicial proceedings.   *See Puckett v. United States*, 556 U.S. 129, 135 (2009).   Accordingly, he has not shown, under the applicable plain error standard, that the district court committed reversible procedural error by failing to provide an adequate explanation of its decision to order a term of supervised release.

We further conclude that Matamoros has failed to rebut the presumption that his within-guidelines sentence is reasonable.   *See United States v. Cooks*,

589 F.3d 173, 186 (5th Cir. 2009).  He argues that his sentence is substantively unreasonable because the district court failed to take into account § 5D1.1(c)'s recommendation and erred in balancing the sentencing factors.  However, the record reflects that the district court implicitly considered § 5D1.1(c), as well as Matamoros's history and characteristics, before imposing the within-guidelines term of supervised release.  Moreover, because the sentence is within the Guidelines, we "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  Matamoros has failed to show that the district court made "a clear error of judgment in balancing the sentencing factors" under the circumstances.  *See Cooks,* 589 F.3d at 186.  Accordingly, we cannot conclude, under plain error review, that the sentence imposed is substantively unreasonable.

The judgment of the district court is AFFIRMED.