# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 6, 2013

No. 12-40260

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMIRO DIAZ MORIN, also known as Jesus Rojas-Diaz, also known as
Ramiro Jesus Diaz, also known as Ramiro Diaz,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 5:11-CR-1223-1

Before STEWART, Chief Judge, and DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ramiro Diaz Morin ("Diaz Morin") pleaded guilty to illegal reentry of a deported alien in violation of 8 U.S.C. § 1326. The district court sentenced him to fifty-one months imprisonment and three years of supervised release. On appeal, Diaz Morin argues that the district court's imposition of the supervised release term was procedurally and substantively unreasonable under U.S.S.G. § 5D1.1(c). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40260

## I. BACKGROUND

Diaz Morin's presentence report ("PSR"), prepared January 9, 2012, calculated his total offense level to be 22 with a criminal history category of III. This resulted in a recommended United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 51 to 63 months imprisonment. Citing U.S.S.G. §§ 5D1.1 and 5D1.2, the PSR stated that the Guidelines range for a term of supervised release was at least one year but not more than three years. The PSR also noted that, "[p]ursuant to U.S.S.G. § 5D1.1(c), the court ordinarily should not impose a term of supervised release in a case in which supervision is not required by statue [sic] and the defendant is a deportable alien who likely will be deported after imprisonment."

At the sentencing hearing, the district court noted Diaz Morin had been deported twice previously and had been convicted of a drug crime before his most recent deportation. The district court refused to grant Diaz Morin's request for a downward variance and sentenced him to fifty-one months imprisonment and a three-year period of supervised release.

Diaz Morin now appeals his sentence, arguing that his sentence is procedurally and substantively unreasonable because the district court did not (1) adequately explain its decision to impose a term of supervised release; (2) give notice of its intent to depart from the Guidelines by imposing a term of supervised release; (3) account for a factor that should have received significant weight, namely the Guidelines' recommendation that "ordinarily" a supervised release term should not be imposed on deportable aliens; and (4) grant Diaz Morin's request for an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) where the Government did not move for the reduction.[1]

---

[1] Diaz Morin concedes that *United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008) forecloses this argument. One panel of this court may not overrule the decision of another

No. 12-40260

## II.  DISCUSSION

As Diaz Morin did not challenge the imposition of the term of supervised release in the district court, our review is for plain error.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012).  Under plain error review, Diaz Morin must show a forfeited error that is clear or obvious and affects his substantial rights.  *Id.* at 328; *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Dominguez-Alvarado*, 695 F.3d at 328 (internal quotation marks and citation omitted).

We first address Diaz Morin's second argument.  The term of supervised release imposed in Diaz Morin's case was within the statutory and Guidelines range for his offense.  As Diaz Morin concedes in his reply brief, in *Dominguez-Alvarado*, we held that this situation does not require the district court to conduct a departure analysis.  *See id.* at 329.  Therefore, Diaz Morin's argument that the district court was required to give notice of and an explanation for the supervised release term fails.

We now turn to Diaz Morin's first and third arguments, which are that the district court did not adequately explain its decision to impose a term of supervised release and did not account for the Guidelines' recommendation that "ordinarily" a term of supervised release should not be imposed on a deportable alien.  In *Dominguez-Alvarado*, we held that the imposition of supervised release on the defendant did not constitute error, plain or otherwise, because the district court, while not focusing on U.S.S.G. § 5D1.1(c) and the accompanying commentary, offered a "particularized explanation and concern [that] justif[ied]

---

absent an en banc or superseding Supreme Court decision.  *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002) (citation omitted).  Accordingly, we need not consider this argument.

imposition of a term of supervised release" at sentencing.  *Id.* at 330. Specifically, the *Dominguez-Alvarado* district court stated, "I gave the sentence after looking at the factors in 3553(a), to deter future criminal conduct, his particular background and characteristics, which apparently do not make him a welcome visitor to this country." *Id.*

Here, when addressing Diaz Morin's sentence, the district court specifically noted his prior deportations and criminal history.  Thus, we find the district court's statement sufficiently analogous to the explanation we approved in *Dominguez-Alvarado*, especially since Diaz Morin did not ask the court to focus on § 5D1.1(c) and the accompanying commentary in sentencing Diaz Morin.  *See id.*  Moreover, because the supervised release term is within the recommended Guidelines range, we infer that the district court considered all pertinent sentencing considerations in imposing its sentence on Diaz Morin.  *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  Thus, Diaz Morin has not met the plain error standard with respect to his term of supervised release.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's sentence.