# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2013

No. 11-11171

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

ERNESTO BECERRIL-PEÑA, also known as Ernesto Becerril Peña

Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Defendant-Appellant Ernesto Becerril-Peña ("Becerril") pled guilty to illegally reentering the United States after a prior deportation. The district court sentenced him to 78 months in prison and to a two-year term of supervised release. Becerril now challenges his sentence, contending that the district court erred in imposing supervised release and in failing to explicitly address his arguments in favor of a downward variance. We AFFIRM.

At sentencing, Becerril objected to the imposition of supervised release based on recent amendments to § 5D1.1 of the Sentencing Guidelines. *See*

No. 11-11171

U.S.S.G. § 5D1.1(c) & cmt. n.5 (2011).[1]  In Becerril's view, the amendments prohibit a district court from adding a term of supervised release to a removable-alien defendant's sentence unless it specifically finds that the case is "extraordinary."  Although Becerril acknowledged his extensive criminal history,[2] he also requested a downward variance based on a number of factors, including cultural assimilation.

After listening to defense counsel's arguments, the district court adopted the PSR's findings and conclusions and denied Becerril's § 5D1.1 objection.[3]  It concluded that it could impose supervised release without making special findings that Becerrils' situation was "extraordinary" and that Becerril's situation "adequately and appropriately address[ed] the factors the [c]ourt should consider under [18 U.S.C. §] 3553(a)."  After imposing various conditions of supervised release, the district court also found that Becerril's sentence "adequately and appropriately addresse[d] all of the factors [it] should consider in sentencing."  At the close of the sentencing hearing, Becerril objected to the district court's "failure to adequately address" his request for a downward variance.  Becerril reurges this objection on appeal, as well as his § 5D1.1

---

[1] Section 5D1.1(c) states that a court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  Commentary note 5 provides that a court "should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case."

[2] Despite being only 20 years old at the time of sentencing, Becerril qualified for criminal history category V.

[3] The PSR concluded that Becerril's cultural-assimilation argument lacked merit and calculated his total offense level at 21, which included a 16-level crime-of-violence enhancement and a 3-level reduction for acceptance of responsibility.  The PSR did not fully account for all of the amendments to § 5D1.1, but that does not change our analysis.  The record shows that the parties and the district court considered the guideline as amended at sentencing.  *See United States v. Lara-Espinoza*, 488 F. App'x 833, 835 (5th Cir. 2012) (unpublished).

2

No. 11-11171

argument, both of which we review *de novo* to the extent raised below.[4]  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Addressing Becerril's supervised-release objection first, we conclude that the district court properly imposed a term of supervised release "based on the facts and circumstances of [this] particular case." U.S.S.G. § 5D1.1 cmt. n.5. We recently emphasized that the amendments to § 5D1.1 preserved district courts' authority to impose terms of supervised release as they deem necessary to provide "an added measure of deterrence and protection." *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012) (using the terms "discretion," "option," and "elect" to describe district courts' responsibilities under § 5D1.1(c)). *Dominguez-Alvarado* explained that § 5D1.1 obligates district courts to give some "particularized explanation" and "adhere to the Rule 32 process" in imposing supervised release. *Id.* at 330.  As in other sentencing contexts where a guidelines sentence is given,  the requirement is not onerous. *Rita v. United States*, 551 U.S. 338, 356 (2007). ("The law leaves much, in this respect to the judge's own professional judgment."). In *Dominguez-Alvarado*, for instance, we noted that the district court satisfied its duties—whether reviewed *de novo* or for plain error—with a single sentence finding supervised release appropriate under "the factors in [§] 3553(a), to deter future criminal conduct, [and in light of the defendant's] particular background and characteristics." 695 F.3d at 330.

That pragmatic approach makes sense given that—against a backdrop of Guidelines that are themselves already advisory—§ 5D1.1(c) is couched in

---

[4] To the extent Becerril makes a more expansive § 5D1.1 objection on appeal, we would normally review for plain error.  *See, e.g.*, *United States v. Green*, 324 F.3d 375, 381 (5th Cir. 2003) (plain error applies if the objection before the district court differs from that on appeal). Because we conclude that Becerril's arguments fail under even the less deferential standard of review, we need not parse which arguments were actually raised in the district court and which were not.

advisory terms. District courts generally "shall order" supervised release when required by statute or for any defendant sentenced to more than a year in prison. *See* U.S.S.G. § 5D1.1(a). Section 5D1.1(c), of course, does not alter the "required by statute" exhortation. Instead, it addresses the issue of whether supervised release makes sense for a defendant for whom it is not required by statute and as to whom deportation is a virtual certainty. This section does not evince an intent to confer a benefit upon deportable aliens that is not available to other defendants. Certainly nothing indicates that the Sentencing Commission intended to give preferential treatment to such defendants in adopting the amendments at issue here. Instead, the Commission's official explanation of the amendments suggest that they were animated primarily by administrative concerns inherent in trying to administer supervised release as to someone who has been deported.[5] *See* U.S.S.G. app. C, vol. III, amend. 756 at 410 (2011).

Additionally, since construing § 5D1.1(c) as "hortatory" in *Dominguez-Alvarado*, 695 F.3d at 329, we have been skeptical of requests to second-guess district courts' decisions to impose terms of supervised release in cases where the amendments could apply,[6] even where the court committed plain error by ruling contrary to § 5D1.1(c) or when the district court considers the guideline only implicitly. *See United States v. Chavez-Trejo*, No. 12-40006, Slip Op. at 6-7 (5th Cir. Apr. 3, 2013) (unpublished) (affirming supervised release on discretionary

---

[5] The provisions here thus differ from "defendant-focused" Guideline amendments such as those targeting the crack-cocaine sentencing disparity. *See* U.S.S.G. app. C, vol. III, amend. 750 (2011).

[6] *See, e.g.*, *United States v. Morin*, No. 12-40260, 2013 WL 586788, at *2 (5th Cir. Feb. 6, 2013) (unpublished) (affirming within-Guidelines term of supervised release on plain-error review because district court noted the defendant's criminal and immigration history); *United States v. Garcia-Lemus*, No. 12-40353, 2013 WL 323080, at *1 (5th Cir. Jan. 28, 2013) (unpublished) (same, where district court also gave no specific reasons for imposing supervised release); *Lara-Espinoza*, 488 F. App'x at 835 (same, because "[e]ven though the district court adopted [the PSR's use of] an outdated Guidelines provision in imposing a term of supervised release, [the defendant's] sentence was imposed in accordance with the amended Guidelines").

prong of plain-error review); *United States v. Cancino-Trinidad*, No. 11-41344, — F.3d —, 2013 WL 869047, at \*3 (5th Cir. Mar. 8, 2013) (affirming supervised release where record showed that district court gave "implicit consideration" to § 5D1.1(c)). The amendments, after all, did not alter our highly deferential review of within-Guidelines sentences, which requires us to apply a baseline "infer[ence] that the [district] judge has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *see also United States v. Bonilla*, 524 F.3d 647, 658-59 (5th Cir. 2008)(reasoning that a lack of specific findings does not require remand where the record on appeal "makes clear both the reasons for the sentence and their adequacy as a matter of law).[7] Notably, § 3553(a) requires district courts to "consider," among other things, whether the imposed sentence addresses the defendant's "history and characteristics," "afford[s] adequate deterrence," and "protect[s] the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C). In sum, a district court should discharge its duties under § 5D1.1(c) by considering the applicable § 3553(a) factors of deterrence and protection, following the processes of Rule 32, and imposing reasoned and individualized sentences under the circumstances presented with appropriate explanation given.

Considering the sentencing hearing in this case, the district court supplied a sufficiently "particularized explanation" of its decision to impose supervised release. As in *Dominguez-Alvarado*, the court found Becerril's sentence appropriate under the factors listed in 18 U.S.C. § 3553(a) and those applicable to sentencing generally.

---

[7] In *Bonilla*, which involved reviewing the sentence as a non-Guidelines sentence, we looked to the entirety of the sentencing record in light of the district court's reference to "the arguments made earlier." *Id.* at 657-58. The record here leaves no doubt that the district court correctly understood and specifically considered Becerril's § 5D1.1 arguments.

As § 5D1.1's commentary makes clear, moreover, supervised release remains especially appropriate for defendants with lengthy criminal histories. *See* U.S.S.G. § 5D1.1 cmt. n.3(C) ("In general, the more serious the defendant's criminal history, the greater the need for supervised release."). Becerril's sentencing hearing focused on his extensive record, which includes offenses committed even after his prior removal from the United States. Indeed, the only statement Becerril made to the district court in allocution was to apologize for committing so many crimes. That Becerril's "rap sheet" belies his youth removes this case from the mine-run of illegal-reentry cases lacking "unusual or uncommon facts or circumstances" that are more properly within the ambit of amended § 5D1.1. *Dominguez-Alvarado*, 695 F.3d at 330; *see also Cancino-Trinidad*, 2013 WL 869047, at *3 (reasoning that the defendant's substantial criminal record justified supervised release regardless of whether the district court explicitly analyzed § 5D1.1(c)). Accordingly, the district court appropriately determined that this particular defendant's sentence should include a term of supervised release.

Becerril's downward-variance objection similarly lacks merit. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita*, 551 U.S. at 356. A district court need not provide specific reasons for rejecting a defendant's arguments or request for a lower sentence, so long as it gives an explanation sufficient "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* at 356; *see also id.* at 357-59.

Here, the district court found at the sentencing hearing that Becerril's sentence "adequately and appropriately addresse[d] all of the factors the [c]ourt should consider in sentencing," including under § 3553(a). The district court also explained in its Statement of Reasons that the sentence "appropriately

considere[d] the advisory guideline range and all factors mentioned in . . . § 3553(a)." The district court accorded counsel and the defendant an opportunity to speak.  Our review of the record as a whole confirms that the district court considered Becerril's mitigation arguments, weighed the § 3553(a) factors, and provided a reasoned basis for its decision.  Accordingly, Becerril has not shown that the district court committed significant procedural error in declining to explicitly address his arguments for a shorter sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007) (observing that an appellate court should give "due deference" to a district court's finding that the § 3553(a) factors justify a particular sentence); *Rita*, 551 U.S. at 359 ("We acknowledge that the judge might have said more. . . .  But context and the record make clear that [sufficient] reasoning underlies the judge's conclusion."); *United States v. Sanchez*, 667 F.3d 555, 568 (5th Cir. 2012) (concluding that the district court's "sparse" explanation, which did not reference § 3553(a), was nonetheless adequate because the record showed that the court "had before it at the sentencing hearing the PSR and [the defendant's] objections to the PSR, as well as [the defendant's] sentencing memorandum," and then heard the defendant's arguments before imposing a middle-of-the-Guidelines sentence).

AFFIRMED.