# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2013

Lyle W. Cayce
Clerk

No. 12-50858
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ARREGOTE-JUAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-186-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Arregote-Juarez (Arregote) pleaded guilty to being illegally found in the United States after having been previously deported, in violation of 8 U.S.C. § 1326. He was sentenced to 30 months of imprisonment, to be followed by a three-year term of supervised release. On appeal, Arregote argues that his sentence is procedurally unreasonable because the district court did not give reasons for imposing a term of supervised release despite U.S.S.G. § 5D1.1(c)'s instruction that supervised release ordinarily should not be imposed if the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant is a deportable alien.    He also argues that his sentence is substantively unreasonable because the district court failed to consider § 5D1.1(c)'s instruction even though it was a factor that should have been given significant weight.  Arregote did not raise his arguments or object to his sentence in the district court.  Accordingly, we will review his arguments for plain error only.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328-29 (5th Cir. 2012).

Arregote has not shown that the district court imposed a procedurally unreasonable sentence in his case.  Although the district court did not give specific reasons for imposing a term of supervised release, the record reflects that, when imposing Arregote's sentence, the district court considered the § 3553(a) sentencing factors and discussed the facts and circumstances of both Arregote's background and the offense of conviction and the need for the sentence to afford adequate deterrence to crime, specifically noting Arregote's criminal history, problem with alcohol, and likelihood to reoffend.  The district court's statements at Arregote's sentencing sufficiently offered a "particularized explanation and concern [that] justif[ied] imposition of a term of supervised release."  *Dominguez-Alvarado*, 695 F.3d at 330; *see also United States v. Becerril-Pena*, 714 F.3d 347, 349 (5th Cir. 2013) (explaining that court need not find that case is extraordinary to impose supervised release on deportable alien).

Additionally, Arregote has not shown that the district court imposed a substantively unreasonable sentence.  The three-year term of supervised release imposed in his case fell within the advisory sentencing guidelines range for his offense.  He has not overcome the presumption that the district court, in imposing a term of supervised release, considered the relevant sentencing factors.  *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  Accordingly, he has not established that his sentence of supervised release is substantively unreasonable.

AFFIRMED.