**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 17, 2013

No. 12-50716
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDDIE MAURICIO MOTA-RAMOS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-2235-1

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eddie Mauricio Mota-Ramos appeals the sentence imposed following his guilty-plea conviction of being found in the United States without permission, following removal. *See* 8 U.S.C. § 1326(a), (b). He argues that his sentence is procedurally unreasonable because the district court gave no reasons for imposing a term of supervised release despite United States Sentencing Guideline § 5D1.1(c)'s instruction that supervised release ordinarily should not be imposed if a defendant is a deportable alien. He also argues that his sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is substantively unreasonable because the district court failed to consider § 5D1.1(c) even though the factor should have been given significant weight.  As Mota-Ramos did not raise his arguments or object to his sentence in the district court, we will review his sentence for plain error only.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328-29 (5th Cir. 2012).

Although § 5D1.1(c) advises against imposing supervised release if the defendant is likely to be deported, a district court may order supervised release if it determines that it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.  *Id.* at 329; *see* § 5D1.1(c); § 5D1.1, comment. (n.5).  In this case, the district court did not emphasize § 5D1.1(c) but noted, based on its consideration of the relevant 18 U.S.C. § 3553 factors and Mota-Ramos's prior convictions, that a 90-month term of imprisonment would be necessary to provide proper deterrence for protection of the public.  That statement offered a "particularized explanation and concern [that] justif[ied] imposition of a term of supervised release." *Dominguez-Alvarado*, 695 F.3d at 330.  Mota-Ramos has not shown that the district court imposed a procedurally unreasonable sentence.

Nor has Mota-Ramos shown that district court imposed a substantively unreasonable sentence.  The three-year term of supervised release imposed in his case fell within the advisory sentencing guidelines range for his offense.  He has not overcome the presumption that the district court, in imposing a term of supervised release, considered the relevant sentencing factors.  *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *see also United States v. Becerril-Pena*, 714 F.3d 347, 349-50 (5th Circ. 2013).

The district court did not err, much less commit plain error, in imposing Mota-Ramos's sentence.

AFFIRMED.