# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2013

Lyle W. Cayce
Clerk

No. 12-51032
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DANIEL RODRIGUEZ-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1508-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Daniel Rodriguez-Gonzalez (Rodriguez) appeals the sentence imposed following his guilty plea conviction for illegally reentering the United States in violation of 8 U.S.C. § 1326. He argues that the district court imposed a procedurally and substantively unreasonable sentence by ordering that he serve a three-year term of supervised release without explanation and notwithstanding U.S.S.G. § 5D1.1(c) (2011), which provides, inter alia, that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release should not ordinarily be imposed on a deportable alien. Because Rodriguez did not raise his objection in the district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Regarding Rodriguez's argument that the district court procedurally erred, the sentence imposed by the district court was within the guidelines range, notwithstanding § 5D1.1(c). *See* 8 U.S.C. § 1326(b)(1); 18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2); U.S.S.G. § 5D1.2(a)(2). The requirement that the district court provide reasons for imposing supervised release is not onerous in these circumstances. *See United States v. Becerril-Pena*, 714 F.3d 347, 349 (5th Cir. 2013). In determining the appropriate sentence, the district court expressly discussed Rodriguez's particular facts and circumstances, including his family history and his strong reasons for wanting to return to this country, his prior illegal reentry convictions, and his prior alcohol-related convictions. While the district court did not discuss § 5D1.1(c), this court has not imposed such a requirement where, as in the instant case, a district court has not been asked to focus on § 5D1.1(c). *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328-30 (5th Cir. 2012). Moreover, in adopting the presentence report (PSR), the district court implicitly considered § 5D1.1(c). Thus, the district court's reasons were sufficient and do not constitute error, plain or otherwise. *See Becerril-Pena*, 714 F.3d at 349; *Dominguez-Alvarado*, 695 F.3d at 329-30.

Regarding Rodriguez's claim of substantive error, the district court implicitly considered § 5D1.1(c) through its adoption of the PSR and expressly considered Rodriguez's history and characteristics, the need for the sentence to serve as a deterrent, and the need for the sentence to protect the public from crimes against the defendant. *See* § 3583(c); 18 U.S.C. § 3553(a)(1), (a)(2)(B),(C). Moreover, because the sentence is within the guidelines range, we

"will infer that the judge has considered all the factors for a fair sentence." *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Rodriguez has thus failed to show that the district court made "a clear error of judgment in balancing the sentencing factors." *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, he has failed to establish that the sentence is substantively unreasonable. *See id.*

The judgment of the district court is AFFIRMED.