# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2013

Lyle W. Cayce
Clerk

No. 12-10908
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR RAUL GALINDO-TORRALBA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-156-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hector Raul Galindo-Torralba (Galindo) appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation. The district court sentenced Galindo to 41 months of imprisonment to be followed by three years of supervised release.

According to Galindo, his sentence is procedurally and substantively unreasonable because the district court imposed a term of supervised release

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

despite the Sentencing Guidelines' direction in U.S.S.G. § 5D1.1(c) that "ordinarily" no term of supervised release should be imposed if the defendant is a deportable alien.   He asserts that the sentence is procedurally unreasonable because the district court gave an inadequate explanation for imposing a term of supervised release.  Galindo contends, based on the district court's failure to give an adequate explanation for imposing supervision, that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Because Galindo preserved his claim that the district court did not provide adequate reasons for imposing a term of supervised release, we review this argument de novo.  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). We need not decide whether Galindo properly preserved an objection to the substantive reasonableness of his sentence because his argument fails even under an abuse-of-discretion standard.  *See United States v. Becerril-Pena,* 714 F.3d 347, 349 n.4 (5th Cir. 2013).

The term of supervised release imposed on Galindo was within the statutory and guidelines range for his offense of conviction; therefore, the district court did not depart from the guidelines range.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).  In addition, our review of the record reveals that the district court considered relevant facts that justified a term of supervised release.  The district court considered the information in the presentence report along with the history and characteristics of Galindo.  The district court's particularized remarks at sentencing evince a concern with the need for deterrence and protection, which are relevant factors for a court to consider in deciding whether to impose a term of supervised release.  *See id.*; *see also Becerril-Pena*, 714 F.3d at 351; §

5D1.1, comment. (n.5). Thus, Galindo has not shown that the district court erred in imposing the supervised release term.

Galindo's assertion that his sentence is substantively unreasonable also lacks merit. The district court's reasons for the sentence indicated that the particular facts and circumstances of this case warranted the imposition of the punishment imposed, including the supervised release term. *See* § 5D1.1, comment. (n.5). In addition, the three-year term of supervised release imposed in this case was within the advisory guidelines range for the offense. Galindo has not overcome the presumption of reasonableness afforded the sentence or the presumption that the district court, in imposing a term of supervised release, considered the relevant sentencing factors. *See Becerril-Pena*, 714 F.3d at 350; *see also Dominguez-Alvarado*, 695 F.3d at 329.

Accordingly, the judgment of the district court is AFFIRMED.