# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2013

Lyle W. Cayce
Clerk

No. 12-51125
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR OMAR VILLA-SALINAS, also known as Salvador Rodriguez Villa, also known as Salvador Villa Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1379-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Oscar Omar Villa-Salinas (Villa) challenges the 41-month sentence that was imposed following his guilty-plea conviction of illegal reentry in violation of 8 U.S.C. § 1326. Villa argues that the district court committed procedural error at sentencing by inadequately explaining the reasons for its within-guidelines sentence. He further contends that his sentence is substantively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable because the district court failed to consider cultural assimilation and that the guidelines calculation overrepresented his criminal history.

This court reviews a district court's sentencing decision for reasonableness, under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 50-51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "Appellate courts must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the [g]uidelines range." *Cisneros-Gutierrez*, 517 F.3d at 764. Where the sentence is procedurally sound, the appellate court considers the substantive reasonableness of the sentence under the abuse of discretion standard. *Id.*

Although there are questions regarding whether Villa adequately preserved the arguments that he raises on appeal, because Villa cannot prevail even under the less deferential, abuse-of-discretion standard, it is unnecessary for this court to determine the standard of review. *See United States v. Becerril-Pena*, 714 F.3d 347, 349 n.4 (5th Cir. 2013).

The record reflects that after considering the particular facts and circumstances of Villa's case, including Villa's criminal history and the need for the sentence to serve as a deterrent, the district court determined that the guidelines-range sentence was adequate. The district court therefore did not commit procedural error by providing inadequate reasons for the sentence that it imposed. *Rita v. United States*, 551 U.S. 338, 356 (2007). Villa's argument regarding cultural assimilation does not demonstrate that the district court erred, because a sentencing court is not required to accord cultural

assimilation dispositive weight. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Also, his argument that the guidelines calculation did not take into account that he was only a minor player in the offense that formed the basis of his conviction of conspiracy to commit murder does not rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.