# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10556 c/w 13-10562
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME FRAIRE,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 6:13-CR-23-1
USDC No. 6:13-CR-1-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jamie Fraire pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326. The district court sentenced Fraire within the guidelines range to 16 months of imprisonment, to be followed by three years of supervised release. The court also revoked Fraire's supervised release on a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior conviction and imposed a consecutive sentence of 10 months of imprisonment.  Fraire now appeals.

For the first time on appeal, Fraire argues that the district court erred in imposing a term of supervised release in a case involving a deportable alien without providing fact-specific reasons for its decision to deviate from U.S.S.G. § 5D1.1(c)'s recommendation that supervised release not be imposed in such circumstances.  We review this argument for plain error.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012).  The district court retains the discretion to impose supervised release in "uncommon cases [involving a deportable alien] where added deterrence and protection are needed."  *Id.* at 329.

In sentencing Fraire, the district court specifically stated that supervised release was imposed as an additional potential sanction should Fraire attempt to return illegally.  Consequently, Fraire has shown no plain error on the part of the district court in imposing a term of supervised release.  *See id.* at 329-30; *see also United States v. Becerril-Pena*, 714 F.3d 347, 349-51 (5th Cir. 2013) (finding no error in imposition of supervised release where district court noted that the sentence adequately addressed the 18 U.S.C. § 3553(a) factors).

Fraire raises no claims of error with respect to the revocation proceeding or the revocation sentence.  Thus, he has abandoned any issues on appeal regarding the revocation judgment.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the judgment of the district court is AFFIRMED.