# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2014

Lyle W. Cayce
Clerk

No. 13-40896
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR OJEDA PEREGRINA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-214-1

Before SMITH, PRADO, and GRAVES, Circuit Judge.

PER CURIAM:[*]

Victor Ojeda Peregrina (Ojeda) appeals the 27-month sentence imposed following his guilty plea conviction of being unlawfully present in the United States after being previously removed, in violation of 8 U.S.C. § 1326. He argues that the district court reversibly erred by refusing to grant a third-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) and that the district court erred by imposing a term of supervised release without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

referencing any particularized facts warranting imposing such a sentence in this case.

The Government concedes that there was error but argues that the error was harmless. A procedural error may be harmless, even if the district court does not consider the correct guidelines range, if the proponent of the sentence can show that the district court would have imposed the same sentence for the same reasons absent the error. *See United States v. Ibarra-Luna*, 628 F.3d 712, 713-19 (5th Cir. 2010).

The record reflects that the district court was aware that it could reduce Ojeda's total offense level by one level. The district court listened to Ojeda's arguments in support of a lower sentence and then rejected those arguments. The district court concluded that a 27-month sentence was appropriate in light of the 18 U.S.C. § 3553(a) factors. In making this determination, the district court specifically relied upon Ojeda's personal characteristics, the serious nature of the offense of conviction, and Ojeda's criminal history. In imposing the sentence, the district court stated that it would impose the same sentence "even without the advisory guidelines system." In light of the totality of the record, any error committed was harmless. *See id.* at 718-19.

The Government argues that Ojeda's objection to the imposition of a term of supervised release was insufficient to preserve the issue for appeal. Ojeda argues that, because the district court cut off his objection before he could state the reasons therefor, the issue should be deemed preserved for appeal. Because Ojeda's argument fails even under the less deferential standard of review, this court need not determine which standard is appropriate. *See United States v. Becerril-Pena*, 714 F.3d 347, 349 & n.4 (5th Cir. 2013).

No. 13-40896

The district court retains the discretion to impose supervised release in cases involving a deportable alien where added deterrence and protection are needed.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).  Here, the district court adopted the presentence report, which informed the court of the recommendation contained at U.S.S.G. § 5D1.1(c).  The three-year term of supervised release imposed was within the guidelines range of supervised release.  At sentencing the district court stated that it considered the § 3553(a) factors, including the personal characteristics of Ojeda, in determining that a guidelines sentence was appropriate.  The district court's implicit consideration of § 5D1.1, its consideration of the sentencing factors in § 3553(a), and its express finding that a guidelines sentence was appropriate, satisfies the requirement that the district court provide reasons for the sentence imposed.  *See Becerril-Pena*, 714 F.3d at 350-51; *Dominguez-Alvarado*, 695 F.3d at 329-30.

AFFIRMED.