# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2014

Lyle W. Cayce
Clerk

No. 13-40902
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEXANDER GARCIA-GARCIA, also known as Alexander Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-312-1

Before SMITH, PRADO, and GRAVES, Circuit Judge.

PER CURIAM:[*]

Alexander Garcia-Garcia (Garcia) appeals from the 55-month sentence imposed following his guilty plea conviction for being an alien found in the United States after having been previously deported, in violation of 8 U.S.C. § 1326. He argues that the district court reversibly erred by refusing to grant a third-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) and that the district court erred by imposing a term of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release without referencing any particularized facts warranting imposing such a sentence in this case.

The Government concedes that there was error in this regard but argues that the error was harmless.  A procedural error may be harmless, even if the district court does not consider the correct guidelines range, if the proponent of the sentence can show that the district court would have imposed the same sentence for the same reasons absent the error.  *See United States v. Ibarra-Luna*, 628 F.3d 712, 713-19 (5th Cir. 2010).

The record reflects that the district court was aware that it could reduce Garcia's total offense level by one level.  The district court listened to Garcia's arguments in support of a lower sentence.  The district court concluded that a 55-month sentence was appropriate in light of the 18 U.S.C. § 3553(a) factors.  In making this determination, the district court specifically relied upon Garcia's personal characteristics, the serious nature of the offense of conviction, and Garcia's criminal history.  In imposing the sentence, the district court stated that it would impose the same sentence "even without that advisory system."  In light of the totality of the record, any error committed was harmless.  *See id.* at 718-19.

The district court retains the discretion to impose supervised release in cases involving a deportable alien where added deterrence and protection are needed.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).  Here, the district court adopted the presentence report, which informed the court of the recommendation contained at U.S.S.G. § 5D1.1(c).  At sentencing the district court stated that it considered the § 3553(a) factors, including the personal characteristics of Garcia, and specifically found that there was "a serious need to promote respect for the law" in light of his criminal history, as well as a need to protect the public and Garcia from himself.  The

No. 13-40902

district court's implicit consideration of § 5D1.1 and its consideration of the sentencing factors in § 3553(a) satisfies the requirement that the district court provide reasons for the sentence imposed.  *See United States v. Becerril-Pena*, 714 F.3d 347, 350-51 (5th Cir. 2013); *Dominguez-Alvarado*, 695 F.3d at 329-30.

AFFIRMED.