# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50364
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SENEN BALLESTEROS-VALVERDE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-250-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Senen Ballesteros-Valverde (Ballesteros) was found guilty of being unlawfully present in the United States subsequent to removal, in violation of 8 U.S.C. § 1326. The district court, without providing reasons, sentenced Ballesteros to 70 months of imprisonment and a three-year term of nonreporting supervised release. For the first time on appeal, Ballesteros argues that the district court erred when it imposed a term of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release against a deportable alien based on its reliance on an erroneous presentence report and without providing an explanation for its decision to deviate from U.S.S.G. § 5D1.1(c)'s recommendation that supervised release not be imposed in such circumstances. Because Ballesteros did not object to the term of supervised release, we review this argument for plain error. *See United States v. Dominquez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). "Plain error review requires four determinations: whether there was error at all; whether it was plain or obvious; whether the error affected the defendant's substantial rights; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice." *Id.* at 328.

The district court retains the discretion to impose supervised release in cases involving a deportable alien where the facts and circumstances reflect the need for a deterrence measure. *Id.* at 329. A district court need not specifically refer to § 5D1.1(c) as long as it offers a "particularized explanation and concern [that] would justify imposition of a term of supervised release." *Id.* at 330; *United States v. Becerril-Pena*, 714 F.3d 347, 350-51 (5th Cir. 2013).

In the instant case, the district court gave no particularized explanation regarding the necessity for a term of supervised release, nor did it explicitly state that it had considered the statutory sentencing factors as applied to Ballesteros's case. In addition, the presentence report did not reference § 5D1.1(c). Although the district court clearly erred by relying on the outdated Guidelines and by not providing a particularized explanation, Ballesteros has not shown that the error affected his substantial rights or, if left uncorrected, would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009);

No. 14-50364

*Dominguez-Alvarado*, 695 F.3d at 328; *United States v. Cancino-Trinidad*, 710 F.3d 601, 606-07 (5th Cir. 2013).

AFFIRMED.