# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40722
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERIBERTO CAZARES-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC 5:14-CR-1083-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Heriberto Cazares-Flores appeals the supervised release term imposed following his conviction for illegal reentry following deportation. He maintains that the supervised release term is procedurally unreasonable because it was imposed notwithstanding U.S.S.G. § 5D1.1(c)'s advice that supervised release ordinarily should not be imposed in cases where the defendant is a deportable alien likely to be removed after completion of imprisonment. Cazares-Flores

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also complains that the district court failed to make a particularized finding that a term of supervised release was needed to provide further deterrence and protection. Because Cazares-Flores did not object on these bases in the district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012).

Here, the district court adopted the presentence report, which informed the court of the recommendation in § 5D1.1(c). At sentencing, the district court implied that it considered the 18 U.S.C. § 3553(a) factors in concluding that a within-guidelines sentence was proper and suggested that a term of supervised release was needed to provide an added measure of deterrence and protection in light of the specific facts and circumstances of this case, including, inter alia, Cazares-Flores's prior illegal reentries and criminal record. Thus, the district court's decision to impose a supervised release term was adequately supported and explained. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013); *United States v. Becerril-Pena*, 714 F.3d 347, 350-51 (5th Cir. 2013); *Dominguez-Alvarado*, 695 F.3d at 329-30.

Furthermore, even if the district court committed clear or obvious error by failing to explain its decision to impose a supervised release term, Cazares-Flores cannot establish that his substantial rights were affected. *See Puckett*, 556 U.S. at 135. Because the district court was aware that a supervised release should not ordinarily be imposed on deportable aliens and that Cazares-Flores was an undocumented alien likely to be deported after serving his prison term, there is no reason to believe that the district court would not have imposed a term of supervised release if it had more thoroughly explained why supervised release was needed, i.e., there is no indication that the district court would have found that a term of supervised release was not warranted if it had been

No. 15-40722

required to provide additional reasons.  *See Becerril-Pena*, 714 F.3d at 349-51; *Cancino-Trinidad*, 710 F.3d at 607.

AFFIRMED.