# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10880
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SAUCEDO-OLGUIN, also known as Jose Antonio Argumendo-Dominguez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CR-24-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Saucedo-Olguin appeals the district court's imposition of a term of supervised release following his conviction for illegal reentry. Saucedo-Olguin argues that the district court procedurally erred in imposing a term of supervised release and in doing so without making particularized findings that he required additional deterrence to not illegally reenter the country beyond

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the mere threat of a new prosecution.  We review his arguments for an abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Saucedo-Olguin argues that the district court abused its discretion in imposing a term of supervised release on the sole basis that supervised release would offer an added potential sanction should he be deported and try to illegally reenter the country.  Citing U.S.S.G. § 5D1.1, comment. (n.5), Saucedo-Olguin argues that such an additional sanction was unnecessary because the need to afford adequate deterrence and protect the public ordinarily is adequately served by the threat of a new prosecution for illegal reentry and his is an "ordinary" illegal reentry case.  The record, however, does not support his characterization.  Saucedo-Olguin illegally reentered the United States a mere three days after his January 29, 2014, deportation; was previously deported a total of three times; was apprehended by immigration officials on six prior occasions; and has one prior illegal reentry conviction.  Thus, based on the facts and circumstances of his case, "the deterrent and protective effect of supervised release [was not] adequately served by the possibility of a new future prosecution for illegal reentry."  *See United States v. Dominguez-Alvarado*, 695 F.3d 327, 329 (5th Cir. 2012).  Consequently, the district court's determination that an additional deterrent was necessary in the form of supervised release was not an abuse of discretion.  *See Gall*, 552 U.S. at 51.

Saucedo-Olguin also argues that the district court failed to make particularized findings based on the facts and circumstances of his case that an added measure of deterrence was necessary.  We infer from the record before us that the district court considered "all the factors for a fair sentence set forth in the Guidelines," s*ee United States v. Becerril-Pena*, 714 F.3d 347, 350 (5th Cir. 2013) (internal quotation marks and citation omitted), which

No. 15-10880

includes Saucedo-Olguin's history of illegally reentering the United States, despite his previous deportations and illegal reentry prosecution. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B). The record discloses that the district court discharged its duties under § 5D1.1(c). *See Becerril-Pena*, 714 F.3d at 351.

AFFIRMED.