# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-40840
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE PEREZ-MALDONADO,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1469-1

————

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Perez-Maldonado appeals the 41-month within-guidelines sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326.  Perez-Maldonando argues that the district court committed procedural error by failing to recognize that it had the authority to grant his motion for a downward variance, based on then pending amendments to U.S.S.G. § 2L1.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40840

Although Perez-Maldonado filed a sentencing memorandum seeking a downward variance in light of the pending amendments to § 2L1.2 and argued at sentencing that the court should grant a downward variance because a sentence under the 2015 Guidelines was greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a), he never suggested or argued that the district court's failure to do so was the result of its failure to recognize its authority to vary from the guidelines range. Accordingly, we review for plain error. *United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010).

Though the district court stated at sentencing that it was "bound by the sentencing guidelines effective as of the time of sentencing," a reading of the entirety of the record reflects that the district court's statements were a recognition that it must apply the version of the Guidelines in effect at the time of sentencing. *See United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). The court listened to Perez-Maldonado's arguments and considered the request for a downward variance based on the amendments to § 2L1.2. After imposing the sentence, the court stated that it believed a sentence within the current guidelines range was appropriate in light of the factors of § 3553(a). Additionally, the district court specifically stated that it was applying "the Sentencing Reform Act of 1984, as modified by the Supreme Court case of [*United States v.*] *Booker*, [543 U.S. 220 (2005),]" which rendered the Sentencing Guidelines advisory. Perez-Maldonado fails to show that the district court erroneously believed it lacked the authority to impose a downward variance; thus, he does not show clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Perez-Maldonado also challenges the three-year term of supervised release imposed by the district court. He contends that the district court committed procedural error by failing to explain its decision to impose

No. 16-40840

supervised release on a deportable alien. Because he did not object to the district court's imposition of supervised release, review is for plain error only. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012).

Under U.S.S.G. § 5D1.1, a "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." § 5D1.1(c). Section 5D1.1(c) is "hortatory," and the otherwise applicable supervised release term remains the guidelines sentence for a deportable alien if the court chooses to impose supervised release. *United States v. Becerril-Pena*, 714 F.3d 347, 350-51 (5th Cir. 2013); *Dominguez-Alvarado*, 695 F.3d at 329. "This section does not evince an intent to confer a benefit upon deportable aliens that is not available to other defendants." *Becerril-Pena*, 714 F.3d at 350.

The court implicitly considered the Guideline when it considered the Presentence Report (PSR), which advised the court of § 5D1.1(c) and specified that Perez-Maldonado is an undocumented alien subject to possible deportation proceedings. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013) (recognizing that the district court's adoption of the PSR generally supports the inference that it took into account the sentencing considerations contained therein). Because the district court stated that Perez-Maldonado's sentence was appropriate under the factors of § 3553(a), the imposition of supervised release was not clear or obvious error. *See Becerril-Pena*, 714 F.3d at 349, 351; *Dominguez-Alvarado*, 695 F.3d at 329-30; *see also* § 5D1.1, comment. (n.5).

The judgment of the district court is AFFIRMED.

3