# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-40868
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2018

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN JOSE ACEVEDO-AZUA,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-583-1

————

Before DENNIS, CLEMENT, and OWEN, Circuit Judges

PER CURIAM:[*]

Juan Jose Acevedo-Azua pleaded guilty to conspiracy to import methamphetamine and importation of methamphetamine. The district court denied his requests for a downward variance and a sentence commensurate to that imposed on his codefendant. Acevedo-Azua now argues that the difference between his sentence and that of his codefendant constitutes an unwarranted disparity and the district court erred by failing to explain why it granted his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

codefendant a downward variance but declined to grant him one from the already-reduced range following a substantial assistance departure. He additionally argues that the district court failed to weigh the 18 U.S.C. 3553(a) sentencing factors. The Government moves for summary affirmance.

Summary disposition in lieu of the traditional appellate process is "necessary and proper" in "cases where time is truly of the essence" or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Here, the issue presented is neither fully foreclosed nor frivolous. *See United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013).

Although this court ordinarily reviews a sentence for procedural and substantive reasonableness, *see Gall v. United States*, 552 U.S. 38, 51 (2007), the parties assert that this court should review Acevedo-Azua's sentence for plain error. Yet, Acevedo-Azua arguably preserved his unwarranted disparity argument at sentencing. *See United States v. Rodriguez*, 523 F.3d 519, 526 n.1 (5th Cir. 2008). We need not resolve the issue because Acevedo-Azua has not shown that the district court's sentence was unreasonable under the ordinary standard of review. *See United States v. Becerril-Pena*, 714 F.3d 347, 349 n.4 (5th Cir. 2013).

The record reflects that the district court listened to and considered Acevedo-Azua's arguments in favor of a lower sentence and rejected them. This was sufficient. *See, e.g., Rita v. United States*, 551 U.S. 338, 356-57 (2007). Acevedo-Azua has not shown error, plain or otherwise, in the explanation of the sentence. *See id.*

No. 17-40868

Moreover, Acevedo-Azua's sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). The district court's rejection of Acevedo-Azua's request for a sentence commensurate with that of his codefendant is not unreasonable in light of its findings that (1) Acevedo-Azua's statement that he did not knowingly transport drugs was inconsistent with his statements at rearraignment, (2) Acevedo-Azua's codefendant, unlike Acevedo-Azua, fully accepted responsibility for her offense, and (3) Acevedo-Azua was no "neophyte" with respect to the drug conspiracy. *See, e.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766-67 (5th Cir. 2008). In sum, Acevedo-Azua's mere disagreement with the weight that the district court gave the sentencing factors, including the need to avoid unwarranted disparities, does not demonstrate that his sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is DENIED. Its alternative motion for an extension of time to file its brief is DENIED as moot.