# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2019

Lyle W. Cayce
Clerk

No. 18-50540
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL HUMBERTO ARZATE-ARZATE,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-85-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Manuel Humberto Arzate-Arzate pleaded guilty to illegal reentry into the United States, and the district court imposed a within-guidelines sentence of 21 months of imprisonment and three years of supervised release. Arzate-Arzate appeals the imposition of supervised release.

Noting that he was a deportable alien who was likely to be deported after imprisonment, he argues that the district court failed to consider

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50540

U.S.S.G. § 5D1.1(c) and failed to give an explanation for imposing supervised release in his case.  According to Arzate-Arzate, the district court also incorrectly calculated his guidelines range for supervised release, which he contends should have been zero to three years pursuant to § 5D1.1(c).

Because Arzate-Arzate did not object to the calculation of the guidelines range or the imposition of supervised release, plain error review applies.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012).  The district court did not err in calculating the guidelines range for supervised release, as the instruction in § 5D1.1(c) is advisory only and did not cause the low end of Arzate-Arzate's guidelines range for supervised release to become zero.  *See* U.S.S.G. § 5D1.2(a)(2); *Dominguez-Alvarado*, 695 F.3d at 329.  Additionally, the district court's comments at sentencing provided a sufficiently particularized explanation of the decision to impose supervised release.  *See United States v. Becerril-Pena*, 714 F.3d 347, 350-51 (5th Cir. 2013); *Dominguez-Alvarado*, 695 F.3d at 329-30.

AFFIRMED.