# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50289
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

David Gomez,

*Defendant—Appellant*,

consolidated with

---

No. 24-50315

---

United States of America,

*Plaintiff—Appellee*,

*versus*

David Gomez-Guijarro,

*Defendant—Appellant*.

―――――――――――――――――――

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 2:23-CR-506-1, 2:23-CR-69-1

―――――――――――――――――――

Before ELROD, *Chief Judge*, and HAYNES and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

David Gomez-Guijarro pleaded guilty to illegal reentry into the United States after removal and was sentenced at the top of the guidelines range to 87 months of imprisonment. At the same time, the district court revoked the term of supervised release Gomez-Guijarro was then serving and sentenced him at the top of the advisory range to a consecutive term of 14 months of imprisonment. Gomez-Guijarro appeals, contesting the procedural reasonableness of his consecutive sentences.

The district court sufficiently explained the within-guidelines consecutive sentences it imposed. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007); *United States v. Becerril-Pena*, 714 F.3d 347, 349-50 (5th Cir. 2013). Gomez-Guijarro's arguments to the contrary, based on the mistaken premise that the district court imposed above-guidelines sentences, are unpersuasive. *See United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006); U.S.S.G. § 7B1.3(f).

AFFIRMED.

――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.