# United States Court of Appeals for the Fifth Circuit

_____

No. 25-10535
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
December 26, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Sandra Janeth Lozano Blanco,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-282-1

_____

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Sandra Lozano Blanco pleaded guilty of conspiracy to possess with intent to distribute controlled substances. She was sentenced to life imprisonment, which was the guidelines sentence. She contends that the sentence was procedurally and substantively unreasonable because the district court failed to consider all 18 U.S.C. § 3553(a) factors and failed to account for her

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10535

arguments regarding age, personal history, and alleged sentencing disparities.

Because the record demonstrates that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising its own legal decisionmaking authority," Lozano Blanco fails to show that her sentence is procedurally unreasonable. *United States v. Becerril-Pena*, 714 F.3d 347, 351 (5th Cir. 2013) (internal quotation marks, brackets, and citation omitted). Lozano Blanco also fails to demonstrate that the within-guidelines sentence is substantively unreasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). In this regard, the district court stated that it considered all of the § 3553 factors and expressly listed multiple factors. It also heard and considered Lozano Blanco's arguments about alleged sentencing disparities, her age, and her role in the offense. The court determined that her heavy involvement in major levels of drug dealing warranted the sentence.

Lozano Blanco fails to show that her presumptively reasonable sentence fails to account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See id.*

AFFIRMED.