# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50192
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONARDO RODRIGUEZ-MEDINA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1002-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Leonardo Rodriguez-Medina (Rodriguez) appeals the sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. For the first time on appeal, he challenges the district court's imposition of a three-year term of supervised release, asserting that it contravenes the guidelines directive that supervised release ordinarily should not be imposed in cases where the defendant is a deportable alien likely to be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removed following completion of imprisonment. Rodriguez additionally complains that the district court failed to make a particularized finding that supervised release served a deterrent purpose in his case.

As he concedes, Rodriguez did not raise his arguments in the district court, and our review is for plain error only. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). To demonstrate plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Even if it is assumed that the district court committed clear or obvious error in failing to give an adequate explanation for imposing a term of supervised release in the instant case, Rodriguez cannot show that his substantial rights were affected. The district court adopted the facts in the presentence report that provided that Rodriguez had been ordered removed twice and had prior convictions of robbery and controlled substance offenses. Rodriguez's criminal record supported a finding that the imposition of a term of supervised release "would provide an added measure of deterrence and protection based on the facts and circumstances of [this] particular case." *United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013) (internal quotation marks and citation omitted). Further, the district court was aware that supervised release should not ordinarily be imposed on deportable aliens and was likewise aware that Rodriguez is an undocumented alien likely to be deported after serving his sentence of imprisonment. There is nothing in the record to suggest that the district court would not have imposed a period of supervised release if it had given a more thorough explanation of the reasons

No. 13-50192

why imposition of a period of supervised release was necessary. *See United States v. Becerril-Pena*, 714 F.3d 347, 349-51 (5th Cir. 2013); *see also Ballard v. Burton,* 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

Rodriguez has thus failed to show reversible plain error. *See Puckett*, 556 U.S. at 135. Accordingly, the district court's judgment is AFFIRMED.