# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10813
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL RAMIREZ-VALENZUELA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:13-CR-9-1

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Samuel Ramirez-Valenzuela (Ramirez) appeals the sentence imposed following his guilty plea conviction for illegally reentering the United States in violation of 8 U.S.C. § 1326. He argues that the district court imposed a procedurally and substantively unreasonable sentence by ordering that he serve a three-year term of supervised release without explanation and notwithstanding U.S.S.G. § 5D1.1(c) (2011), which provides, inter alia, that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10813

supervised release should not ordinarily be imposed on a deportable alien. Because Ramirez did not raise his objection in the district court, our review is for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328-30 (5th Cir. 2012).

Regarding Ramirez's argument that the district court procedurally erred, the district court specifically stated that the imposition of supervised release provided an additional sanction against Ramirez should he be deported and consider illegally reentering the United States. That was supported by his criminal history, which included two prior deportations and a prior illegal reentry conviction. Thus, the district court's reasons were sufficient and do not constitute error, plain or otherwise. *See United States v. Becerril-Pena*, 714 F.3d 347, 349 (5th Cir. 2013); *Dominguez-Alvarado*, 695 F.3d at 329-30.

Regarding Ramirez's claim of substantive error, the district court considered Ramirez's history and characteristics and the need for the sentence to serve as a deterrent. *See* 18 U.S.C. § 3583(c); 18 U.S.C. § 3553(a)(1), (a)(2)(B),(C). Ramirez has not offered any persuasive argument to rebut the presumption of reasonableness that attaches to his within-guidelines sentence; he has thus shown no error, plain or otherwise. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607-08 (5th Cir. 2013).

The judgment of the district court is AFFIRMED.