# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50832
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERMENEGILDO MELCHOR-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-872-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Hermenegildo Melchor-Garcia (Melchor) challenges his within-guidelines sentence of 53 months of imprisonment, which was imposed following his 8 U.S.C. § 1326 conviction of illegal reentry into the United States after deportation. He argues that his sentence is substantively unreasonable.

Plain error review governs Melchor's sentencing challenge as he did not object on this basis in the district court. *See Puckett v. United States*, 556 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50832

129, 135 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

As Melchor acknowledges, his argument challenging the presumption of reasonableness due to the lack of an empirical basis for § 2L1.2 is foreclosed by this court's precedent. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 & n.7 (5th Cir. 2009). While Melchor now contends that the district court improperly analyzed the 18 U.S.C. § 3553(a) factors, he has not shown that the district court failed to give proper weight to any particular § 3553(a) factor, gave significant weight to an improper or irrelevant factor, or that his sentence represents a "clear error of judgment in balancing sentencing factors." *See Cooks*, 589 F.3d at 186.

To the extent Melchor seeks to have this court reweigh the § 3553(a) factors, this court will not do so, as such an analysis would contravene the deferential review that applies in this context. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Additionally, his contention that his offense is a mere international trespass has been rejected by this court. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Finally, the district court's extensive reasons for the sentence are sufficient to support the imposition of the three-year term of supervised release in this instance. *See United States v. Becerril-Pena*, 714 F.3d 347, 350-51 (5th Cir. 2013).

No. 13-50832

The district court's judgment is AFFIRMED.