# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50103
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2019

Lyle W. Cayce
Clerk

Consolidated with 18-50104

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO RODRIGUEZ-OLIVARES,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:17-CR-270-1
USDC No. 4:17-CR-286-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Francisco Rodriguez-Olivares pleaded guilty to illegal reentry after having been previously deported. Based on this new law violation, the district court revoked Rodriguez-Olivares's supervised release. The district court sentenced him to 13 months in prison and three years of supervised release on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the illegal reentry offense.  Regarding the revocation, the court sentenced Rodriguez-Olivares to 11 months in prison, to run consecutively with the other sentence of imprisonment, and two years of supervised release, to run concurrently with the other term of supervision.

For the first time on appeal, Rodriguez-Olivares argues that the district court erred when it imposed supervised release against a deportable alien without providing a sufficient explanation for deviating from U.S.S.G. § 5D1.1(c)'s recommendation that supervised release not be imposed in such circumstances.  Because he did not object to the district court's lack of reasons, we review this argument for plain error.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court retains the discretion to impose supervised release in cases involving a deportable alien where the facts and circumstances reflect the need for a deterrence measure.  *Dominguez-Alvarado,* 695 F.3d at 329.  In this case, the district court considered § 5D1.1(c)'s directive against supervision in cases involving a deportable alien and the 18 U.S.C. § 3553(a) factors and determined that a guidelines sentence was appropriate.  The court's consideration of § 5D1.1(c) and the sentencing factors in § 3553(a) and its express finding that a guidelines sentence was appropriate satisfy the requirement that the district court provide reasons for the sentence imposed; thus, Rodriguez-Olivares has not shown clear or obvious procedural error related to the imposition of supervised release.  *See United States v. Becerril-Pena*, 714 F.3d 347, 349, 351 (5th Cir. 2013); *see also Puckett*, 556 U.S. at 135.

Rodriguez-Olivares's next argument, that his three-year term of supervision is substantively unreasonable because the district court did not give significant weight to § 5D1.1(c)'s advice regarding deportable aliens or his

No. 18-50103
c/w No. 18-50104

history and personal circumstances, is likewise without merit. Again, the district court considered § 5D1.1(c)'s recommendation and the § 3553(a) sentencing factors before imposing the within-guidelines supervised release term. Rodriguez-Olivares's arguments are insufficient to rebut the presumption of reasonableness. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607-08 (5th Cir. 2013); *see also United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

AFFIRMED.