# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 30, 2012

Lyle W. Cayce
Clerk

No. 11-41416
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IGNACIO HERNANDEZ SALAZAR, also known as Ignacio Hernandez Sotelo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-925-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ignacio Hernandez Salazar appeals the 46-month sentence imposed for his conviction for illegal reentry into the United States. Salazar argues that the district court erred by imposing a three-year term of supervised release without reasons, notwithstanding that U.S.S.G. § 5D1.1(c) provides that supervised release "ordinarily" should not be imposed "in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." He maintains that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining that his prior Tennessee conviction for attempted rape constituted a crime of violence warranting a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i).  Finally, Salazar asserts that his sentence is substantively unreasonable in light of the mitigating factors present in his case.

In reviewing a sentence, we first examine whether the district court committed any significant procedural error.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  If the district court's decision is procedurally sound, we will then consider the substantive reasonableness of the sentence.  *Id.*  Because Salazar's arguments were not raised in the district court, review is limited to plain error.  *See United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2007).  To show plain error, Salazar must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The district court failed to account for Section 5D1.1(c) in applying the Guidelines for supervised release and, thus, committed clear or obvious error.  *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010).  Nonetheless, Salazar is unable to show that the error affected his substantial rights.  The guidance against supervised release under Section 5D1.1(c) is hortatory rather than mandatory.  *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).  Where Section 5D1.1(c) applies, "supervised release should not be imposed absent a determination that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.*; *accord* § 5D1.1, cmt. n.5.  The district court's particularized statements were adequate to explain why a supervised-release term was appropriate.  *See Dominguez-Alvarado*, 695 F.3d at 329-30.

Salazar asserts that his prior Tennessee conviction does not qualify as a crime of violence because the facts alleged in the charging affidavit do not reflect

the use of excessive force against the victim. We employ the categorical approach in determining whether an offense qualifies as a crime of violence under Section 2L1.2, which requires us to look at the elements of the conviction rather than the underlying facts. *See United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005). A review of the Tennessee rape statute and the charging instrument in Salazar's case reflects that the underlying offense constitutes a "forcible sex offense." *See* § 2L1.2, cmt. n.1(B)(iii); *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 297-98 (5th Cir. 2008); *United States v. Beliew*, 492 F.3d 314, 316 (5th Cir. 2007). The district court did not err, much less plainly err, in imposing a 16-level enhancement for a crime of violence. *See Puckett*, 556 U.S. at 135.

With respect to Salazar's challenge to the substantive reasonableness of his sentence, the district court considered his request for a lower sentence, but elected to impose a within-guidelines sentence. Such a sentence is presumptively reasonable. *See, e.g.*, *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). Here, the district court imposed a sentence at the bottom of the applicable guideline range, then granted Salazar a one-level reduction; the court imposed the same 46-month sentence, which was in the middle of the newly applicable range. Although Salazar notes that the district court had found various mitigating factors, the court was aware of those facts and took them into account in determining that the 46-month sentence was appropriate. Salazar has not shown that the district court failed to account for a significant factor, gave weight to an improper factor, or clearly erred in its balancing of the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, he has failed to show that the district court plainly erred by imposing the sentence. *See Puckett*, 556 U.S. at 135. The judgment of the district court is AFFIRMED.