# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 25, 2013

No. 12-41298
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CRISTIAN TAMEZ-CAVAZOS,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1142-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Cristian Tamez-Cavazos (Tamez) appeals the sentence imposed after he pleaded guilty to possession with intent to distribute more than 100 kilograms of marijuana. Tamez contends that his two-year sentence of supervised release was procedurally and substantively unreasonable because § 5D1.1(c) of the Sentencing Guidelines provides that deportable defendants like him should not ordinarily be sentenced to supervised release. He argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to determine that supervised release was warranted by a need for further deterrence or to protect the public.

We review only for plain error because Tamez did not object to supervised release or ask the district court for further explanation. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Tamez must show that a forfeited error was "clear or obvious, rather than subject to reasonable dispute" and that the error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does, we have the discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and alteration omitted). Tamez must show a reasonable probability that, but for the error or the lack of explanation, the court would not have imposed supervised release. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013); *see also Mondragon-Santiago*, 564 F.3d at 365 (requiring the appellant to show that further explanation would have changed the sentence). To make the required showing on plain-error review, Tamez must point to some evidence in the record that indicates that the court would have changed the sentence. *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (per curiam).

"The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). But that Guideline is merely hortatory, and a district court retains authority to impose supervised release if it determines that it is necessary to provide "an added measure of deterrence and protection." *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012). Making that determination is not an onerous requirement because subsection (c) is not intended to provide a benefit to deportable aliens, but merely to avoid "administrative concerns inherent in trying to administer supervised release as

to someone who has been deported." *United States v. Becerril-Pena*, 714 F.3d 347, 350 (5th Cir. 2013); *see Dominguez-Alvarado*, 695 F.3d at 330.

In the instant case, the court urged Tamez to understand that he faced severe sentences "for doing nothing but coming back into this country illegally," and the court urged him not to illegally reenter the country when released from prison. This satisfies the standard manifested in *Dominguez-Alvarado* because the court expressed its intent to deter further illegal reentries. *See Dominguez-Alvarado*, 695 F.3d at 330. There was no imposition of an unwarranted term of supervised release.

In any event, Tamez fails to show that his substantial rights were affected because he offers only a conclusory assertion that the district court likely would not have imposed supervised release if Tamez had called attention to § 5D1.1(c) or asked for further explanation of the sentence. *See Cancino-Trinidad*, 710 F.3d at 606; *Mondragon-Santiago*, 564 F.3d at 365. Circuit precedent forecloses Tamez's argument that declining to apply § 5D1.1(c) is a "departure" from the guideline range, and Tamez has not rebutted the presumption that the within-Guidelines term of supervised release is reasonable. *See Cancino-Trinidad*, 710 F.3d at 605-08.

The judgment is AFFIRMED.