# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50099

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALEXANDER CHAVEZ-CHUM,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:17-CR-280-1

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Alexander Chavez-Chum, a deportable alien, challenges the procedural and substantive reasonableness of his sentence, imposed following his guilty-plea conviction for unlawful reentry, in violation of 8 U.S.C. § 1326(a), (b)(1). Chavez claims the district court erred procedurally by failing to explain the imposition of supervised release; substantively, by imposing it without giving significant weight to Sentencing Guideline § 5D1.1(c), which states deportable

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-50099

aliens "ordinarily" should not receive supervised release.  U.S.S.G. § 5D1.1(c).
AFFIRMED.

I.

In September 2017, Border Patrol Agents patrolling near Marfa, Texas, encountered five undocumented aliens, one of whom was then-26-year-old Chavez.  He had previously been removed in August 2014, after pleading guilty to felony possession of cocaine, and had not received consent from the appropriate agencies to reapply for admission into the United States following that removal.

Chavez pleaded guilty to one felony count of entry after removal.  The presentence investigation report (PSR) recommended:  Chavez' total offense level was ten; his criminal history category, II; his resulting Guidelines sentencing range, eight to 14 months' imprisonment; and his supervised release, up to three years.  He did not object to the PSR.

At sentencing, however, Chavez' counsel requested the court conclude supervised release "not appropriate" for his client, pursuant to Guideline § 5D1.1(c), because Chavez was a deportable alien "who likely will be deported after imprisonment".  *See* U.S.S.G. § 5D1.1(c) ("The court ordinarily should not impose a term of supervised release in a case in which . . . defendant is a deportable alien who likely will be deported after imprisonment.").

Despite counsel's request, the court adopted the PSR and sentenced Chavez, "pursuant to . . . the sentencing factors set forth in 18 U.S.C. § 3553(a)", to eight months' imprisonment and three years' nonreporting supervised release.  The court did not mention Guideline § 5D1.1(c) during sentencing, nor make any findings in response to Chavez' assertions against imposing supervised release.  Following pronouncement of sentence, Chavez "[o]bject[ed] to the imposition of supervised release".

2

No. 18-50099

Chavez was released from prison on 3 May 2018. He was removed to Guatemala two weeks later.

## II.

Chavez claims the court committed procedural error by failing to explain its imposition of supervised release; substantive error, by imposing it without giving significant weight to Guideline § 5D1.1(c).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

## A.

Chavez contends the imposition of supervised release was procedurally unreasonable, and therefore procedural error, because the court did not explain why it was warranted. The parties dispute whether this issue was preserved in district court.

## 1.

"To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the [claimed] error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009) (citing *United States v. Ocana*, 204 F.3d 585, 589 (5th Cir. 2000)). For the following reasons, Chavez did not preserve his procedural claim. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

3

No. 18-50099

In *Mondragon-Santiago*, as here, defendant, on appeal, challenged the district court's failure to explain the sentence imposed, which did not grant defendant's requested downward departure. *Id.* at 359–60. The parties disputed whether defendant had preserved error on the procedural reasonableness of his sentence, and our court ruled his "objection sufficed to alert the district court of his disagreement with the substance of the sentence, but not with the manner in which it was explained". *Id.* at 361.

Similarly, Chavez' procedural challenge is to the district court's failure to explain the imposition of supervised release, but he never requested clarification or explanation by the court. As in *Mondragon-Santiago*, his challenge in district court was only to the "substance of the sentence", without question or objection as to *why* Guideline § 5D1.1(c) was not persuasive or *why* supervised release was imposed (i.e. "the manner in which [the sentence] was explained"). *See id.*; *see also United States v. Dominguez-Alvarado*, 695 F.3d 324, 327–28 (5th Cir. 2012) (holding objection to "term of supervised release . . . imposed as an upward departure" insufficient to preserve claimed error); *United States v. Becerril-Peña*, 714 F.3d 347, 349 n.4 (5th Cir. 2013) ("To the extent Becerril makes a more expansive [Guideline] § 5D1.1 objection on appeal, we would normally review for plain error." (citation omitted)).

2.

Because Chavez did not preserve his procedural challenge, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Chavez must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To demonstrate a plain error affected his substantial rights, defendant must show it affected the outcome in district court. *United States v. Olano*, 507 U.S. 725, 734 (1993). If he does show reversible plain error, we have the discretion to correct it, but should do so only if it "seriously

4

affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* at 732 (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

For purposes of our plain-error review, the court *did err* by not explaining why supervised release was warranted; and, the error *was clear or obvious* because "the law requiring courts to explain sentences is clear". *Mondragon-Santiago*, 564 F.3d at 364 (citation omitted); *cf. United States v. Salazar*, 499 F. App'x 351, 353 (5th Cir. 2012) (explaining that, although district court's statement was sufficient to support imposing supervised release, its failure to account for Guideline § 5D1.1(c) was clear or obvious error which did not affect defendant's substantial rights on plain-error review). But, as explained below, Chavez cannot show the plain error affected his substantial rights. Therefore, his procedural claim fails plain-error review.

A sentence is procedurally unreasonable if the "court . . . err[ed] procedurally, by": "miscalculating or failing to calculate the sentencing range under the Guidelines, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [sentencing] factors, selecting a sentence based on clearly erroneous facts, or *failing to adequately explain* the chosen sentence—including an explanation for any deviation from the Guidelines range". *Mondragon-Santiago*, 564 F.3d at 360 (emphasis added) (citation omitted). "[A] sentence within a properly calculated Guideline[s] range is presumptively reasonable". *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

First, to satisfy Guideline § 5D1.1(c), "a district court should discharge its duties . . . by considering the applicable § 3553(a) factors of deterrence and protection . . . and imposing reasoned and individualized sentences under the circumstances presented with appropriate explanation given". *Becerril-Peña*, 714 F.3d at 351. Here, the court stated it sentenced Chavez "pursuant to" the

§ 3553(a) factors, which strongly counsels against concluding the court would have imposed a different sentence.

Second, Chavez' procedural challenge is governed by our court's previous decisions in *Mondragon-Santiago*, 564 F.3d at 361–64, and *Dominguez-Alvarado*, 695 F.3d at 328–30. For each, review was only for plain-error.

In *Mondragon-Santiago*, defendant asserted his sentence "[was] procedurally unreasonable because the district court did not adequately explain it". 564 F.3d at 361–62. But, he "fail[ed] to show that an explanation would have changed his sentence" because it was within the advisory Guidelines sentencing range and presumptively reasonable. *See id.* at 365 ("While a district court errs by failing to explain a sentence, the effect of that error on our review for reasonableness is diminished when the sentence is within the Guidelines range.").

In *Dominguez-Alvarado*, defendant claimed the court procedurally erred in deviating, without explanation, from Guideline § 5D1.1(c) in imposing supervised release on a deportable alien. 695 F.3d at 329. Our court rejected his claim, ruling "[n]o departure analysis [was] triggered" because the PSR recommended up to three years' supervised release and "the district court imposed three years". *Id.* Therefore, because the court did not depart from the recommended Guidelines range for supervised release, no explanation was required for the sentence to be procedurally reasonable. *See id.*

Chavez' recommended "[G]uideline range for a term of supervised release [was] 1 to 3 years". As in *Dominguez-Alvarado*, the imposition of three years' supervised release was within the recommended Guidelines range for a supervised-release term, and therefore, presumptively reasonable. *See* 695 F.3d at 329. Chavez' claim fails because he cannot rebut the presumption of procedural reasonableness and show that, but-for the lack of explanation why supervised release was imposed, the district court would have made a different

sentencing decision.  *See Mondragon-Santiago*, 564 F.3d at 365.  Again, because Chavez' substantial rights were not affected, his claim fails under plain-error review.

B.

In challenging the district court's imposition of supervised release as substantively unreasonable, Chavez claims the court did not accord significant weight to Guideline § 5D1.1(c).  As reflected *supra*, and discussed further below, Chavez' substantive-reasonableness challenge was preserved in district court and, therefore, is reviewed for abuse-of-discretion.  *Gall*, 552 U.S. at 51.

Substantive reasonableness is evaluated given the totality of the circumstances of defendant's sentence, *id.*; and, "[w]hen reviewing a sentence for reasonableness, the court 'will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines'", *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (quoting *United States v. Mares*, 402 F.3d 511, 519–20 (5th Cir. 2005)).  The presumption of substantive reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors".  *Id.* at 186 (citation omitted).

Chavez' substantive-unreasonableness claim is to the imposition of supervised-release; he maintains the district court did not "account for a factor that should receive significant weight" (i.e. Guideline § 5D1.1(c)'s recommendation, presented by Chavez in district court, that "ordinarily" deportable aliens not receive supervised release).

"Appellate review is highly deferential" to sentencing decisions, *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008), because "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case", *Gall*, 552 U.S. at 51.  "The fact that the

7

appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

As discussed *supra*, Chavez' attorney asked the court at sentencing not to impose supervised release and read Guideline § 5D1.1(c) to it. Therefore, the court was made aware of the existence and text of the Guideline, and we can conclude it was "implicitly" considered by the court and rejected. *See*, *e.g.*, *Becerril-Peña*, 714 F.3d at 350 (citations omitted). Our court has "been skeptical of requests to second-guess district courts' decisions to impose terms of supervised release . . . even where the court committed plain error by ruling contrary to [Guideline] § 5D1.1(c)". *Id.* (footnote and citation omitted). Guideline § 5D1.1(c)'s language is "hortatory, not mandatory", *Dominguez-Alvarado*, 695 F.3d at 329, leaving its ultimate application to the discretion of the district court. *See Becerril-Peña*, 714 F.3d at 350; *United States v. Tamez-Cavazos*, 537 F. App'x 407, 409 (5th Cir. 2013); *Salazar*, 499 F. App'x at 353. And finally, the court explicitly sentenced Chavez "pursuant to" the 18 U.S.C. § 3553(a) sentencing factors, fulfilling its obligation under *Gall*, 552 U.S. at 51. *See also Becerril-Peña*, 714 F.3d at 350–51. The district court did not abuse its discretion; therefore, the imposition of supervised release was not substantively unreasonable.

## III.

For the foregoing reasons, the judgment is AFFIRMED.

Judge Haynes concurs in the judgment only.