# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2020

Lyle W. Cayce
Clerk

No. 19-50200
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GABRIEL GONZALEZ-CORTEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-625-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Gabriel Gonzalez-Cortez pleaded guilty to illegal reentry after deportation and was sentenced within the guidelines range to forty-six months of imprisonment and three years of supervised release. The supervised release was to be non-reporting if he were excluded, deported, or removed. Gonzalez, who was sentenced alongside a group of defendants, did not object to the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range, request a sentence below the guidelines range, or object to the sentence imposed. He timely appealed and now raises only challenges to his supervised release:   (1) he argues that the district court committed procedural error by failing to explain its decision to impose supervised release notwithstanding the guidance of Sentencing Guideline § 5D1.1(c) that supervised release ordinarily should not be imposed in cases involving deportable aliens; and (2) he argues that the supervised release portion of the sentence is substantively unreasonable. We AFFIRM.

Examining the procedural question first, we conclude, and the parties agree, that plain error review applies given the lack of any objection. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327–28 (5th Cir. 2012).[1] To demonstrate plain error, Gonzalez must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Section 5D1.1(c) provides that a "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." However, § 5D1.1(c) is only "hortatory," and the otherwise applicable supervised release term—here, one to three years— remains the guidelines sentence for a deportable alien if the court chooses to impose supervised release. *Dominguez-Alvarado*, 695 F.3d at 329; *see* U.S.S.G.

---

[1] The Supreme Court recently addressed whether a formal objection after pronouncement of sentence is necessary to avoid plain error review of a substantive reasonableness challenge where the defendant makes specific arguments; however, the Court did not address "what is sufficient to preserve a claim" of procedural error because that issue was not before it. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020). Because Gonzalez made no objection of any kind, it is clear that plain error review applies.

No. 19-50200

§ 5D1.2(a)(2); 18 U.S.C. § 3559(a)(3) (describing classifications of felonies). This Guidelines provision notwithstanding, district courts retain discretion "to impose terms of supervised release as they deem necessary to provide an added measure of deterrence and protection." *United States v. Becerril-Pena*, 714 F.3d 347, 349 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also* U.S.S.G. § 5D1.1 cmt. n.5 (advising that a district court should "consider imposing a term of supervised release" if it determines that supervised release "would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case").

Gonzalez points out that we have required a "particularized explanation" for a decision to impose such a term, although we have also said one sentence is enough. *Becerril-Pena*, 714 F.3d at 349 (internal quotation marks and citation omitted). Here, the district court did not make a "particularized" statement. We will, therefore, assume arguendo that the district court committed an error that was plain.

Nonetheless, we conclude that Gonzalez has failed to show the alleged error affected his substantial rights. To make this determination, we consider whether the record indicates that the district court would not have imposed supervised release if it had been required to provide more specific reasons for its sentencing decision. *See, e.g.*, *United States v. Cancino-Trinidad*, 710 F.3d 601, 606–07 (5th Cir. 2013). In turn, we can look at whether the defendant's criminal history warranted the imposition of supervised release. *See id.* (concluding that the error did not affect the defendant's substantial rights because the district court implicitly considered the need for deterrence and, in any event, the defendant's criminal record supported a finding that supervised release was warranted to provide an added measure of deterrence and protection). Here, Gonzalez was convicted of a state drug felony in 2002. Shortly after his release from prison for that charge (in 2008), he was removed

3

No. 19-50200

from the United States. In August of 2015, he was arrested for illegal re-entry and removed shortly thereafter, in September of 2015. However, he was again arrested in November of 2015 for being found in the United States after previous deportation. He received a sentence of time served of 415 days and was removed shortly thereafter in December of 2016. Undeterred, he was arrested for the charge that gave rise to the current conviction fewer than two years later (in August of 2018).

Given his prior reentries, as well as his recent pattern of failing to heed the strictures of removal, the imposition of supervised release was needed to provide an added measure of deterrence. *See generally United States v. Ramirez*, 773 F. App'x 193, 195 (5th Cir. 2019) ("Given Ramirez's lengthy criminal history and several prior re-entries into the United States, the district court would not have concluded that supervised release was unwarranted even if it had explained its reasons in greater details."), *cert. denied*, 2020 WL 872434 (U.S. Feb. 24, 2020) (No. 19-6199). We conclude that, in light of Gonzalez's history, the district court's failure to provide a "particularized explanation" for its imposition of this term of supervised release did not affect his substantial rights.[2]

Turning next to the claim of substantive error, we note that the sentence was within the guidelines and thus presumptively reasonable. *See Cancino-Trinidad*, 710 F.3d at 607–08 (noting the lack of a "compelling rebuttal" to the presumption of reasonableness). We also note that this issue is subject to plain

---

[2] Additionally, even if it did, given his continued failure to remain outside the country in light of his removals (thus warranting a term of supervised release), we conclude that we would not exercise our discretion to reverse the sentence. *See Cancino-Trinidad*, 710 F. 3d at 607 n.11 (noting that even if the procedural error affected Cancino-Trinidad's substantial rights, the case did not merit the exercise of our court's discretion to remand for resentencing); *Becerril-Pena*, 714 F.3d at 350 ("This section does not evince an intent to confer a benefit upon deportable aliens that is not available to other defendants.").

error review because, unlike in *Holguin-Hernandez*, Gonzalez did not object to the guidelines range, request a particular sentence, ask the court to consider imposing a below-guidelines sentence, or object to the within-guidelines sentence imposed. *See* 140 S. Ct. at 766–67 (holding that a defendant preserves an appellate challenge to the substantive reasonableness of his sentence as "greater than necessary" if he advocated in the district court for a particular sentence). In any event, under any standard of review, Gonzalez failed to rebut the presumption of reasonableness.

AFFIRMED.