# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2020

Lyle W. Cayce
Clerk

No. 20-60447
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Robinson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:19-CR-99-1

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Anthony Robinson appeals the below-guidelines 36-month sentence he received following his convictions for cyberstalking, in violation of 18 U.S.C. § 2261A(2)(A), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). He argues that the district court failed to provide an

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60447

explanation of the sentence sufficient to indicate that it had considered his mitigating argument related to COVID-19 and that such failure amounted to reversible procedural error.

Because Robinson did not raise this claim of procedural error in the district court, review is limited to plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).[1]  To demonstrate plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*  However, we determine that the standard of review is not determinative here.

Robinson has not shown any error, plain or otherwise.  The record establishes that the district court thoroughly considered and in fact accepted his mitigating arguments, including the mitigating arguments raised in his sentencing memorandum, when concluding that a below-guidelines sentence was appropriate, and it clearly stated the reasons for selecting the sentence imposed.  *See United States v. Sanchez*, 667 F.3d 555, 568 (5th Cir. 2012); *see also Rita v. United States*, 551 U.S. 338, 356-59 (2007).  The district court did not procedurally err by failing to explicitly or separately address his COVID-19 argument.  *See United States v. Becerril-Pena*, 714 F.3d 347, 351-52 (5th Cir. 2013); *Sanchez*, 667 F.3d at 568.[2]

---

[1] Robinson argues that this issue was preserved, citing *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020). That case addressed substantive reasonableness and expressly declined to address the procedural question raised here. *Id.* at 766-67. Although Robinson raised the issue of COVID-19 in his filings, he never argued that the district court failed to explain its reasoning.

[2] Under plain error review, Robinson would clearly fail the second, third, and fourth prongs. He fails to cite any case or statute that requires consideration of a pandemic

No. 20-60447

Accordingly, the district court's judgment is AFFIRMED.

---

in determining the length of a sentence, so any error would not be plain. He fails to show that the sentence would have been different if the district court had explicitly discussed it, so he fails the third prong. We would not exercise our discretion to remand this case, given that he received a below-guidelines sentence and nothing suggests that a district court is required to reduce a sentence based solely on the existence of a pandemic in the jails and prisons.