# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2022

Lyle W. Cayce
Clerk

No. 20-20629

United States of America,

*Plaintiff—Appellee,*

*versus*

Romello Dequaes Lee,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-99-1

Before King, Graves, and Ho, *Circuit Judges*.
Per Curiam:[*]

Following a jury trial, Romello Dequaes Lee was convicted of sex trafficking of a minor victim (MV1) and of sex trafficking of a minor victim (MV2) by force. He was sentenced below the guidelines imprisonment range of life to concurrent 480-month prison terms and within the guidelines

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

supervised-release range to concurrent lifetime terms of supervised release. Lee timely appealed.

*Sufficiency of the evidence*

Lee challenges the sufficiency of the evidence to support his conviction for sex trafficking MV1. As relevant here, a child sex-trafficking offense involves a victim who "has not attained the age of 18 years and will be caused to engage in a commercial sex act" in or affecting interstate commerce. 18 U.S.C. § 1591(a). One way of committing the offense is to knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit the minor victim. § 1591(a)(1). Another way is to knowingly benefit, either financially or by receiving anything of value, from participating in a venture that has engaged in one of the acts described in § 1591(a)(1). § 1591(a)(2). The strictest mens rea element of § 1591(a) requires either knowledge or reckless disregard of the minor's age. § 1591(a); *see United States v. Sims*, 11 F.4th 315, 321 (5th Cir. 2021). Where the offense is committed under § 1591(a)(1) by advertising, though, the mens rea element can be satisfied only by a showing of actual knowledge. § 1591(a).

Contrary to Lee's assertion here, trial testimony from MV1 was not necessary to convict him. The Government may prove its case through direct or circumstantial evidence, and the jury may choose among reasonable constructions of the evidence. *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007). There is no dispute that MV1 was under the age of 18 at all relevant times. We have carefully reviewed all the evidence adduced at trial. Viewing that evidence in the light most favorable to the Government, a rational juror could have found beyond a reasonable doubt that Lee had actual knowledge that MV1 was not yet 18 years old, that he had, at a minimum, knowingly transported and advertised MV1 for the purpose of engaging in commercial sex acts, and that he had knowingly benefitted financially from

MV1's acts of prostitution. *See* § 1591(a)(1), (a)(2), (b)(2); *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc).

*Opinion testimony*

Evidence of text messages sent between Lee and MV1 was introduced, and the Government elicited testimony from Danielle LaFosse, the lead investigator in this case, who was not called as an expert, that some of those text messages were discussing commercial sex acts. Lee contends that LaFosse was improperly allowed to present both fact and expert testimony about the subject of those text messages. As this issue was not raised in the district court, we review it only for plain error. *See United States v. Akins*, 746 F.3d 590, 597 (5th Cir. 2014). To establish plain error, a defendant must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Lee points to several specific instances where, he contends, LaFosse improperly opined that certain text messages were discussing commercial sex acts. Our review of the record indicates that in all but one of those instances, LaFosse was asked to explain the meaning of the message based on, inter alia, her involvement in this case. Thus, the majority of the challenged testimony was admissible lay testimony under Federal Rule of Evidence 701. *See* Fed. R. Evid. 602, 701; *United States v. El-Mezain*, 664 F.3d 467, 514 (5th Cir. 2011); *United States v. Miranda*, 248 F.3d 434, 441 (5th Cir. 2001).

With respect to the one instance where the question was not specifically phrased in terms of LaFosse's involvement in this case, it is not clear or obvious that her testimony impermissibly crossed the line into expert testimony. Regardless, there is no reversible plain error because, in light of

the ample other evidence against him, Lee cannot "show a reasonable probability that his trial would have come out differently" absent the challenged testimony from LaFosse. *United States v. Sosa*, 897 F.3d 615, 620 (5th Cir. 2018) (internal quotation marks and citation omitted).

### *Procedural reasonableness of Lee's sentence*

Lee argues that the district court procedurally erred at sentencing because it did not address each of the separate arguments he raised in mitigation of his sentence. It was not required to do so. *See United States v. Becerril-Pena*, 714 F.3d 347, 351-52 (5th Cir. 2013).

A district court is required to explain its choice of sentence "to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Sentences within the guidelines range require little explanation. *Id.* at 362. Here, Lee's 480-month prison term was below the guidelines range, and his lifetime term of supervised release was within the guidelines range. He argues that the district court failed to adequately explain its decision to impose each of those terms and its decision to impose lifetime restrictions on his access to computers, the internet, or minor children. Lee did not raise these procedural arguments in the district court, and plain-error review applies. *See id.* at 361-62.

In order to establish that his substantial rights were violated for purposes of plain-error review, Lee must show a reasonable probability that, but for the district court's alleged procedural error, he would have received a lesser sentence. *See Mondragon-Santiago*, 564 F.3d at 364-65. Lee does not assert, and the record does not indicate, a reasonable probability that a more detailed explanation would have changed his sentence. He has therefore failed to meet his burden under plain-error review. *See id.*

No. 20-20629

*Substantive reasonableness of Lee's sentence*

As he did in the district court, Lee argues that his 480-month prison sentence is substantively unreasonable. We review the substantive reasonableness of his sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Lee's below-guidelines prison term is presumptively reasonable, and our careful review of the record and Lee's arguments leads us to conclude that Lee has not made the showing required to rebut that presumption. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015).

For the first time in this court, Lee argues that the supervised-release conditions restricting his access to computers, the internet, and children, which were announced at sentencing, are substantively unreasonable. Our review is for plain error. *United States v. Diggles*, 957 F.3d 551, 560 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020).

With respect to the restrictions on Lee's access to children, Lee asserts that they are unwarranted by the facts of the case and that he had no prior history of directly abusing children. We easily conclude that these particular restrictions are reasonably related to the nature and characteristics of Lee's offenses and to the need to protect the public from further crimes by Lee. *See* 18 U.S.C. § 3583(d)(1); 18 U.S.C. § 3553(a)(1) and (a)(2)(C); *United States v. Duke*, 788 F.3d 392, 398 (5th Cir. 2015). Further, the restrictions allow Lee contact with children if he has prior written approval from his probation officer. Given the nature of this offense, the conditioned restrictions on Lee's access to children is not a "greater deprivation of liberty than is reasonably necessary" to achieve the purposes set forth at § 3553(a). § 3583(d)(2); *see Miller*, 665 F.3d at 133-34.

Lee argues that the restrictions on his access to computers and the internet run afoul of our precedent. While we have found an absolute lifetime

5

ban on computer and internet access to be a greater deprivation of liberty than is reasonable, *see Duke*, 788 F.3d at 399-403, we have previously approved restrictions that were, like Lee's, conditioned on approval by the court or by a probation officer. *See United States v. Ellis*, 720 F.3d 220, 224-25 (5th Cir. 2013); *United States v. Miller*, 665 F.3d 114, 127 (5th Cir. 2011). The computer and internet restrictions imposed here do not purport to require Lee to receive a separate prior approval every time he needs to use a computer or access the internet, and the district court did not plainly err in imposing them. *See Puckett*, 556 U.S. at 135; *United States v. Sealed Juv.*, 781 F.3d 747, 756 (5th Cir. 2015).

AFFIRMED.