# United States Court of Appeals for the Fifth Circuit

---

No. 22-10464
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Victor Alfredo Bermudez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-440-2

---

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Victor Alfredo Bermudez appeals the above-Guidelines 30-months' sentence imposed following his guilty-plea conviction for conspiracy to possess unregistered firearms, in violation of 18 U.S.C. § 371, and possession of unregistered firearms, in violation of 26 U.S.C. §§ 5841, 5861(d). He contends the sentence is both procedurally and substantively unreasonable.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10464

Bermudez maintains his sentence was procedurally unreasonable because the district court failed to sufficiently explain its reasons supporting the upward variance. The parties dispute whether Bermudez preserved this challenge. Because he objected to the "substance of the sentence, but not the manner in which it was explained", he failed to preserve this issue. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Because he did not preserve the procedural-unreasonableness issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Bermudez must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The court thoroughly considered Bermudez' mitigating arguments, as referenced both in its Statement of Reasons and its granting the six-month sentencing credit he requested. The court explained, however, that a variance was necessary to address: the seriousness of his offense conduct; the Sentencing Guidelines' failure to account for the true nature of the offense; the need to provide adequate deterrence given the prior leniency Bermudez had received; and the need to provide just punishment and protect the public. *E.g.*, *United States v. Sanchez*, 667 F.3d 555, 568 (5th Cir. 2012) (upholding district court's explanation for sentence as adequate where record showed it considered positions of counsel and defendant's sentencing memorandum setting forth mitigating arguments).

Inasmuch as Bermudez maintains the court should have separately or specifically addressed his mitigating arguments when imposing the upward

variance, he fails to demonstrate the requisite clear-or-obvious procedural error. *E.g.*, *United States v. Becerril-Pena*, 714 F.3d 347, 351–52 (5th Cir. 2013) (holding district court did not commit procedural error by failing to specifically address defendant's mitigating arguments).  Even assuming the court's explanation was clear-or-obvious procedural error, Bermudez does not contend, much less demonstrate a reasonable probability, that a more detailed explanation would have resulted in a lesser sentence; therefore, he fails to make the requisite showing that his substantial rights were affected. *E.g.*, *Mondragon-Santiago*, 564 F.3d at 364–65.

As for his substantive-reasonableness challenge, although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If, as in this instance, no such procedural error exists, a properly preserved objection to an ultimate sentence, as in this instance, is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Bermudez' challenge to the substantive reasonableness of his sentence fails.  As noted *supra*, the district court considered the Guidelines range and Bermudez' mitigation assertions but concluded:  the Guidelines range did not reflect the true nature of the offense conduct; and an above-Guidelines sentence was warranted to reflect the seriousness of the offense, to afford adequate deterrence, and to provide public protection. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C).  We defer to that determination. *E.g.*, *Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify

No. 22-10464

reversal of the district court."). Along that line, and regarding his assertions that the district court failed to give significant weight to his history and characteristics, our court will not reweigh the § 3553 sentencing factors. *E.g.*, *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013) (declining to reweigh § 3553(a) sentencing factors on substantive-reasonableness review).

AFFIRMED.